**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHASTITY BELL-ALFORD and JERALD
ALFORD, her husband,

    Plaintiffs,

v.                                          Case No. 3:14-cv-429-J-34PDB

HILTON WORLDWIDE, INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiffs initiated the instant action on April 14, 2014, by filing a two-count Complaint for Premises Negligence (Doc. No. 1; Complaint) against Defendant. The Complaint, which alleges complete diversity between the parties, raises two state law claims against Defendant. Upon review, the Court finds that the Complaint is due to be stricken.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."

Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  In the Complaint, Plaintiffs assert that this "Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship of the proper parties."  Complaint at 1.  Plaintiffs appear to be Florida citizens.[1]  However, based on Plaintiffs' jurisdictional allegations regarding Defendant, see id., the Court is unable to determine whether total diversity exists between Plaintiffs and Defendant.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  To establish the citizenship of a corporation, the federal diversity jurisdiction statute provides that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010); see also Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013) (for purposes of diversity jurisdiction, a corporation "is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." (citing 32 U.S.C. § 1332(c)(1)).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Plaintiffs' allegations. Plaintiffs assert that "Defendant, **HILTON WORLDWIDE, INC.**, is a foreign profit corporation registered and doing business in the State of Florida."  Complaint at 1 (emphasis in original).  None of the pleadings disclose the state or states by which Defendant corporation is incorporated, or where it has its principal place of business.  As such, the Court finds that Plaintiffs have not alleged the facts necessary to

---

[1] Plaintiffs allege that they "are residents and citizens of the State of Florida."  Complaint at 1.

establish the Court's diversity jurisdiction over the case.  Thus, the Complaint will be stricken and Plaintiffs will be given an opportunity to file an amended complaint which sets forth allegations that properly invoke the Court's jurisdiction.

In light of the foregoing, it is **ORDERED**:

1. Plaintiffs' Complaint for Premises Negligence (Doc. No. 1) is **STRICKEN**.

2. Plaintiffs shall file an amended complaint consistent with the directives of this Order on or before **May 26, 2014**.  Failure to do so may result in dismissal of this action.

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rule of Civil Procedure.

**DONE AND ORDERED** in Chambers, this 21st day of April, 2011.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record