**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHASTITY BELL-ALFORD and JERALD
ALFORD, her husband,

        Plaintiffs,

v.                              Case No. 3:14-cv-429-J-34PDB

POSADAS DE PUERTO RICO
ASSOCIATES, L.L.C., d/b/a THE
CONDADO PLAZA HILTON,

        Defendant.

_____/

## O R D E R

      **THIS CAUSE** is before the Court <u>sua sponte</u>.  Plaintiffs filed the Stipulated Motion for Leave to Amend (Doc. 26; Motion), on October 15, 2014, requesting leave to amend their amended complaint.  The Court granted Plaintiffs' Motion and directed the Clerk of Court to file Plaintiffs' proposed second amended complaint (Doc. 26-1) as a standalone docket entry.  <u>See</u> Order (Doc. 30).  The Second Amended Complaint for Premises Negligence (Doc. 31; Second Amended Complaint) alleges complete diversity between the parties.  However, upon review, the Court finds Plaintiffs' jurisdictional allegations to be inadequate.  Specifically, the Court determines that Plaintiffs' allegations regarding the citizenship of Defendant Posadas de Puerto Rico Associates, L.L.C., d/b/a The Condado Plaza Hilton ("Posadas") are insufficient to establish Posadas's citizenship for purposes of diversity jurisdiction.

      In the Seconded Amended Complaint, Plaintiffs assert that Posadas "is a Delaware limited liability company with its principal place of business in San Juan, Puerto Rico."

Second Amended Complaint at 1.  For purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)); see also Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011).  Therefore, to sufficiently allege the citizenship of a limited liability company, a plaintiff must allege the citizenship of each of the limited liability company's members.  See Mallory & Evans, 663 F.3d at 1305; Rolling Greens, 374 F.3d at 1022.  Without knowledge of the identity and citizenship of Posadas's various members, the Court is unable to determine whether complete diversity exists between Plaintiffs and Defendant.  See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino Partnership, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]").  Indeed, without such information, the Court cannot trace Posadas's members' citizenship "through however many layers of partners or members there may be." See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund,L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that

-2-

member's members (or partners, as the case may be) must then be considered."); Zambelli

Fireworks Mfg Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

Additionally, the Court finds Plaintiffs' allegation that "upon information and belief,

none of the Defendant limited liability company members are citizens of Florida and therefore

are diverse to the Plaintiff," to be insufficient to allow the Court to satisfy its obligation to

assure complete diversity exists before exercising jurisdiction over this action.[1]   Second

Amended Complaint at 2.   Indeed, it is well established that parties seeking to invoke a

federal court's diversity jurisdiction cannot establish diversity in the negative as an affirmative

identification of citizenship is necessary to assure that the adverse party is a citizen of a

"state", as defined for purposes of 28 U.S.C. § 1332.[2]   See Cameron v. Hodges, 127 U.S.

---

[1] The Court recognizes the possibility that none of Posadas's members are citizens of Florida, as Plaintiffs allege.  However, until the Court has had the opportunity to consider for itself the identity and citizenship of each of Posadas's members and sub-members, it cannot satisfy its independent obligation to inquire into its subject matter jurisdiction.  See Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); Univ of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) ("Before rendering a decision, therefore, every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issue and both parties are prepared to concede it.").

[2] Plaintiffs' allegation that none of Posadas's members are citizens of Florida does not foreclose the possibility that one or several of Posadas's members are "stateless" for purposes of a diversity analysis.  The presence of a "stateless" person or an entity treated like a "stateless" person would destroy diversity jurisdiction.  See King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007) ("A United States citizen with no domicile in any state of this country is 'stateless' and cannot satisfy the complete diversity jurisdiction requirement[.]"); see also D.B. Zwirn Special Opportunities Fund, L.P., 661 F.3d at 126 ("For instance, United States citizens who are domiciled abroad are citizens of no state; their stateless status destroy[s] complete diversity under § 1332(a)(3), and [their] United States citizenship destroy[s] complete diversity under § 1332(a)(2).  Furthermore, Indian tribes are treated as stateless for purposes of the diversity statute.  Other entities are treated similarly.  If, therefore, any member of Zwirn is a stateless person, or an entity treated like a stateless person, we would lack diversity jurisdiction.") (internal citations and quotations omitted); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 183-84 (3d Cir. 2008).

Case 3:14-cv-00429-MMH-PDB   Document 36   Filed 10/24/14   Page 4 of 4 PageID 132

322, 324-25 (1888); D.B. Zwirn Special Opportunities Fund, L.P., 661 F.3d at 125-127;

Meyerson, 312 F.3d at 320-21.  Consequently, Plaintiffs' allegation that none of Posadas's

members are citizens of Florida is insufficient for purposes of establishing the citizenship of

Posadas's members.

In light of the foregoing and "in the hope of preventing the needless expenditure of

litigant and judicial resources that occurs when a case proceeds to trial in the absence of

subject matter jurisdiction[,]" see Zambelli Fireworks, 592 F.3d at 419, the Court will afford

Plaintiffs another opportunity to provide the Court with sufficient information to establish the

citizenship of the parties and this Court's diversity jurisdiction over the instant action.

Accordingly, it is **ORDERED**:

Plaintiffs shall have until **November 20, 2014**, to provide the Court with sufficient

information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Chambers, this 24th day of October, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record